OPINION
{¶ 1} The State appeals from the trial court's granting the defendant, Mark A. Slater's suppression motion pursuant to Crim.R. 12(K).
 {¶ 2} The facts underlying this appeal are set out in the trial court's decision and are not disputed by the parties. The following is the trial court's decision:
 {¶ 3} "On December 12, 2003 at approximately 2:54 A.M. Officer Benson of the Piqua Police Department clocked Mark A. Slater and another individual at 51 miles per hour in a 35 mile per hour zone. Officer Benson was unable to stop the vehicles at that time and radioed other patrol cars for assistance. Officers Fogt and Manuel observed the vehicles a short time later and Officer Manuel clocked them at 45 miles per hour. Officer Fogt pulled out behind the vehicles and was followed by Officer Manuel. Before the Officers could make a stop the vehicles turned into an apartment complex parking lot and parked. Officer Fogt pulled in behind Defendant's vehicle without turning on his overhead lights. Officer Manuel pulled in behind the other vehicle with her overhead lights activated. Officer Manuel had some difficulty with the driver of the truck.
 {¶ 4} "Officer Fogt observed Defendant exit his vehicle, recognized him and advised that Officer Benson had clocked him at 51 miles per hour. Defendant responded he did not realize he was driving that fast. Defendant advised that the driver of the other vehicle was a friend following him home. Officer Benson then arrived on the scene and Officer Fogt told Defendant to wait while he talked to Officer Benson. He talked to Officer Benson briefly, then assisted Officer Manuel in convincing the other driver, Thomas Littleton, to exit his vehicle. He and Officer Benson noticed that Defendant had not waited but entered his apartment. He then left the scene to assist another officer on another traffic stop. Once that was cleared he returned to the parking lot and contacted Defendant with Officer Benson. When recontacted, Defendant exhibited poor balance and had the strong odor of alcohol about his person. This was around one-half hour after the initial contact. Defendant admitted to three beers since arriving home. Officer Benson testified that Defendant, at this time, exhibited all the usual signs of being under the influence, glassy eyes, odor of alcohol, poor balance. Defendant did refuse to submit to any field sobriety tests. He was placed under arrest by Officer Benson and later refused to submit to a breath test.
 {¶ 5} "The officers admitted on cross examination that they were not suspicious of Defendant until the other driver (Littleton), who was obviously intoxicated, insisted that Defendant had more to drink than he did. The only violation they observed was speeding. Officer Fogt testified that on his initial contact with Defendant he observed no violations other than speeding and that he did not notice anything else unusual about Defendant; except, in retrospect, that Defendant did on one occasion, as he exited his car, appear to stumble slightly and grab his car for support. The officers were acquainted with Defendant and presumably familiar with his manner of speech, posture, and appearance.
 {¶ 6} "It is apparent to the court that the initial stop of Defendant was lawful as he had been clocked by two separate officers exceeding the prima facie lawful speed limit. However, the court is further of the opinion that a statement by an obviously intoxicated individual that a third party `had more to drink than I did' is insufficient to raise reasonable and articulable suspicion in the absence of independent observations by the officers. When the officers returned to Defendant's residence after completing other tasks there was an additional intrusion on Defendant's interests. State v. Angel (September 21, 2001), Miami App. No. 2001-CA-11, unreported.
 {¶ 7} "IT IS THEREFORE THE ORDER OF THIS COURT that all evidence obtained by the State of Ohio after the initial traffic stop in the within matter be suppressed."
 {¶ 8} Officer Fogt testified that he went to the defendant's apartment to see why he walked away from the traffic stop. (Tr. 16). Fogt recognized the defendant as a Miami County Deputy Sheriff. Fogt said he thought the defendant may have walked away from him because he was intoxicated. (Tr. 14). Fogt said he went to the defendant's apartment door and knocked several times but no one answered so he had the dispatcher call his apartment. The defendant told the dispatcher he would be out of the apartment in several minutes. When the defendant came out into the hallway, Officer Fogt asked the defendant to step into the laundry room to avoid a commotion.
 {¶ 9} Officer Fogt said the defendant's balance was poor as he entered the laundry room and he was forced to hold onto the doorknobs in the laundry room for balance. The defendant said he had been drinking since he got home. Fogt said the defendant smelled of a strong odor of alcohol.
 {¶ 10} The State argues that the trial court erred in suppressing the evidence of defendant's intoxication because the police had grounds to stop him for a speeding violation and to go to his apartment after he walked away from the officers after he was informed that they had observed him speeding on the highway and he was told to wait by his car while Officer Fogt spoke to Officer Benson.
 {¶ 11} The defendant argues that the police did not have articulable suspicion to detain him when they asked him to come to the door of the apartment to speak with them. He argues that his friend's statement that he had been drinking more than him did not provide articulable suspicion.
 {¶ 12} We find the State's argument to be more persuasive. It was reasonable for Officer Fogt and Benson to go to the defendant's apartment to determine why he walked away from them after he was told to wait at his vehicle. The fact that the defendant walked away and the fact that he admitted that Thomas Littleton was following him home coupled with Littleton's statement that he was less intoxicated then the defendant provided additional justification for contacting the defendant. The defendant came out of his apartment and was briefly questioned outside his apartment. The officer's further observation of the defendant justified the defendant's arrest. The State's assignment of error is sustained. The judgment of the trial court is Reversed and Remanded for further proceedings.
Wolff, J., and Donovan, J., concur.